UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Stephanie L.,                                                  Civ. No. 19-1665 (PAM/LIB)

                  Plaintiff,

v.                                                    **MEMORANDUM AND ORDER**

Andrew M. Saul, Commissioner
of Social Security,

                  Defendant.

---

This matter is before Court on the parties' cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion is denied and Defendant's Motion is granted.

**BACKGROUND**

Plaintiff Stephanie Lee filed an application for disability insurance benefits on October 16, 2015, alleging that she has been disabled since August 22, 2015, due to posttraumatic stress disorder, major depressive disorder, bipolar disorder, anxiety disorder, and borderline personality disorder. (Admin. R. at 19.)

An individual is considered disabled for purposes of Social Security Disability Insurance benefits if she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, an individual is disabled "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age,

education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). At step one, the claimant must establish that she is not engaged in any "substantial gainful activity." Id. § 416.920(a)(4)(i). If she is not, the claimant must then establish that she has a severe medically determinable impairment or combination of impairments at step two. Id. § 416.920(a)(4)(ii). At step three the Commissioner must find that the claimant is disabled, if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1. Id. § 416.920(a)(4)(iii). If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four. The claimant then bears the burden of establishing her residual functional capacity ("RFC") and proving that [s]he cannot perform any past relevant work. Id. § 416.920(a)(4)(iv); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). If the claimant proves she is unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work existing in a significant number of jobs in the national economy. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). If the claimant can perform

such work, the Commissioner will find that the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

After a hearing, the Administrative Law Judge ("ALJ") determined that Lee had several severe impairments: bipolar disorder, posttraumatic stress disorder, anxiety disorder, borderline personality disorder, and major depressive disorder. (Admin. R. at 18.) The ALJ noted that Lee alleged other impairments in the record but found that they were either not severe or medially non-determinable. (Id. at 18-19.)

The ALJ then determined that none of Lee's impairments met or medically equaled the requirements of listed impairments. (Id. at 20-22.) The ALJ found that Lee's RFC allowed her to perform work that exists in significant numbers in the national economy. (Id. at 28-29.) Thus, the ALJ determined that Lee was not disabled. (Id. at 29.)

Lee brought this lawsuit under 42 U.S.C. § 405(g), after the Appeals Council affirmed the ALJ's determination that she was not disabled. Lee contends that the ALJ erred in determining that her psychiatrist's and therapist's opinions were inconsistent with the Social Security Administration's regulations and Eighth Circuit precedent for evaluating medical professionals, and that the ALJ failed to provide legally sufficient reasons for rejecting their opinions. According to Lee, her treating providers' opinions establish both that she qualifies as "disabled" and that she would miss work so often that she would be unable to hold down a consistent job. Lee also argues that the ALJ should not have relied on the opinions of the state-reviewing physicians, because they reviewed the record without examining her.

3

**DISCUSSION**

The Court's review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence . . . is more than a mere scintilla." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (quotation omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). As long as substantial evidence in the record supports the Commissioner's decision, the Court may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. McKinney, 228 F.3d at 863.

**A.  Opinion Evidence**

Lee primarily contends that the ALJ erred by not weighing the opinions of her treating providers—psychiatrist Dr. David Baldes and therapist Charlene Haapala—more heavily, and failing to provide legally sufficient reasons for doing so. But Dr. Baldes's opinion was inconsistent with the record and did not cite any supporting evidence. (Admin. R. at 26-27.) Further, the ALJ determined that Dr. Baldes heavily relied on Lee's own subjective description of her conditions, even if Lee's subjective complaints were inconsistent with other evidence in the record. (Id.) Therefore, the ALJ appropriately gave Dr. Baldes's testimony less weight. See Cline v. Colvin, 771 F.3d 1098, 1104 (8th Cir. 2014) (citing Kirby v. Astrue, 500 F.3d 705, 709 (8th Cir. 2007)). Additionally, contrary to Lee's assertion, Charlene Haapala is a social worker and does not qualify as a treating

4

source, nor does her opinion qualify as a medical opinion. (Admin. R. at 27.) Moreover, the ALJ explained that Haapala's opinion was unsubstantiated by Lee's treatment records and abilities. (Id.) Thus, the ALJ justifiably weighed it less heavily.

Lee further argues that the ALJ afforded too much weight to state agency psychological consultants' opinions, but the ALJ was entitled to give the state's disability determination such weight. See 20 C.F.R § 404.1513a(b)(1). An ALJ can rely on the reviewing physician's opinion, even when it directly contradicts the treating provider's. Ponder v. Colvin, 770 F.3d 1190, 1194 (8th Cir. 2014). Lee's challenges to the ALJ's evaluation of opinion evidence fail.

**B.     RFC**

The ALJ determined that Lee's conditions did not meet or medically equal a listing and that she had the RFC to perform a full range of work at all exertional levels, as long as the work was simple, routine, repetitive, fixed, and predictable. (Admin. R. at 22.) Lee contends that the RFC determination is not supported by substantial evidence in the record.

Lee disputes the ALJ's determination that her absences from work for inpatient treatments, therapy appointments, and frequent breaks would not preclude her from employment. But the ALJ's finding that brief, periodic symptoms have not caused limitations for 12 months or longer is supported by the record. (Id. at 27.) Even had the ALJ afforded significant weight to Lee's 10-day inpatient treatment in 2017, there is substantial evidence in the record regarding Lee's current ability to care for herself and her family, conduct daily activities, and participate in recreational activities on a regular basis. (Id. at 5, 25.) Lee's argument is without merit.

**CONCLUSION**

Substantial evidence in the record supports the Commissioner's decision to deny benefits here. Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion for Summary Judgment (Docket No. 12) is **DENIED**; and

2. Defendant's Motion for Summary Judgment (Docket No. 15) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Date: January 29, 2020                    *s/ Paul A. Magnuson*
                                          Paul A. Magnuson
                                          United States District Court Judge